UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD K. REED, | Case No. 2:24-cv-3524-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner brings this action under section 2254. ECF No. 2. After review of the petition, I find that it fails to state a cognizable federal habeas claim. I will dismiss the petition with leave to amend. Additionally, I will grant petitioner's application to proceed *in forma pauperis*, ECF No. 5, and deny his motion for default judgment, ECF No. 6.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner raises several claims, most of which sound only in state law. First, he claims

1

1  that the state court erred in applying the special circumstance law under penal code § 190.2. ECF
2  No. 2 at 5. This question of state law does not give rise to a federal habeas claim. *See Estelle v.*
3  *McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to
4  reexamine state-court determinations on state-law questions.") (citation omitted); *see also*
5  *Rodriguez v. Biter*, No. EDCV 13-01082 ODW (AN), 2013 U.S. Dist. LEXIS 182652, *23 (C.D.
6  Cal. Nov. 13, 2013) (argument that state court erred in application of §190.2 not cognizable on
7  federal habeas review). Second, petitioner argues that the state court failed to apply the standards
8  set forth by the California Supreme Court in *People v. Banks*, 61 Cal. 4th 788, 189 Cal. Rptr. 3d
9  208, 351 P.3d 330 (2015) and *People v. Clark*, 63 Cal. 4th 522, 203 Cal. Rptr. 3d 407, 372 P.3d
10 811 (2016). These claims, insofar as they rest on state court holdings, are also non-cognizable
11 because they sound entirely in state law. Similarly, petitioner's claim that the state court violated
12 the California Supreme Court's holding in *People v. Strong*, 13 Cal. 5th 698, 708, 296 Cal. Rptr.
13 3d 686, 514 P.3d 265 (2022) is also foreclosed. Third, petitioner argues that the state court
14 violated his rights under penal code § 1172.6 by denying his resentencing petition without an
15 evidentiary hearing. Again, violation or misapplication of this state law provision does not give
16 rise to a federal habeas claim. *See Nieber v. Macomber*, No.: 23-cv-0174-LL-DEB, 2024 U.S.
17 Dist. LEXIS 123225, *7 (S.D. Cal. Jul. 12, 2024) (collecting cases on this point). Fourth and
18 finally, petitioner argues that his counsel was ineffective, presumably during his resentencing
19 hearings, since his original conviction occurred in 2012. ECF No. 2 at 6. There is no entitlement
20 to counsel in post-conviction proceedings, however. *Coleman v. Thompson*, 501 U.S. 722, 752
21 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.").
22    Rather than recommending dismissal of the case, I will dismiss the petition with leave to
23 amend. Petitioner may file a new petition that addresses these deficiencies and explains why, if at
24 all, his claims should proceed. Given that the operative petition does not present a cognizable
25 claim, I will deny petitioner's motion for default judgment. ECF No. 6.
26    Accordingly, it is ORDERED that:
27    1. Petitioner's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.
28    2. The petition, ECF No. 2, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form with this order.

6. Petitioner's motion for default judgment, ECF No. 6, is DENIED.

IT IS SO ORDERED.

Dated:   April 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE